IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHADWICK WILBOURN,<br>AIS #298789,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER WATKINS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:21-CV-722-WHA-KFP<br>)                      [WO]<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the Court on a Complaint filed by Chadwick Wilbourn, a state inmate currently incarcerated at the Easterling Correctional Facility. In the Complaint, Wilbourn challenges the constitutionality of force used against him on January 30, 2021 during his incarceration at the Madison County Jail in Huntsville, Alabama. He also claims he was denied medical attention for the injuries he received as a result of the unconstitutional force. Doc. 1 at 5-7. Wilbourn names Officer Watkins, who was employed with the Madison County Jail at the time of the incident at issue, as the sole defendant. *Id.* at 4. Wilbourn seeks monetary damages for the injuries allegedly suffered due to the challenged use of force and denial of medical attention. *Id.* at 8. Upon review of the Complaint and in light of the claims presented therein, the undersigned

RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).[1]

## II.   DISCUSSION

A 42 U.S.C. § 1983 action "may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). However, the law further provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

Madison County Jail is located in Huntsville, Alabama and is within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions made the basis of the instant Complaint occurred in the Northern District of Alabama. It likewise appears from the Complaint that the sole individual named as a defendant resides in the Northern District of Alabama. As such, the majority of witnesses and evidence associated with the claims raised in this case likely reside or are located in the Northern District of Alabama. In light of the foregoing and in accordance with applicable federal

---

[1] Upon initiation of this civil action, Wilbourn filed an application for leave to proceed *in forma pauperis*. Doc. 2. However, under the circumstances of this case, the Court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

law, the undersigned concludes that, in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404(a).

It is further ORDERED that:

On or before **November 26, 2021**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v.*

---

[2] In transferring this case, the Court makes no determination with respect to the merits of the claims presented in the Complaint.

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of November, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE